UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**METRO SERVICE GROUP, INC.**            **CIVIL ACTION**

**VERSUS**            **NO. 21-1136**

**WASTE CONNECTIONS BAYOU, INC.**            **SECTION: "G"**

## ORDER AND REASONS

Before the Court is Defendant Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., f/k/a IESI LA Corporation's ("Defendant") "Motion for Disclosure and/or Recusal."[1] Defendant moves the Court to disclose any knowledge it may have regarding Plaintiff Metro Service Group, Inc. ("Plaintiff") and/or its Principal Glenn H. Woods.[2] In the event that the Court has personal knowledge of facts that could be disputed in this case, Defendant asks the Court to recuse itself.[3] The Court does not have any extrajudicial knowledge of facts that could be disputed in this case. Moreover, Defendant presents no evidence to suggest that the Court cannot serve as an impartial decision-maker in this case. Finally, in her prior governmental employment, the judge did not participate as counsel, adviser, or material witness concerning this proceeding or express an opinion concerning the merits of this particular case. Accordingly, there is no basis for recusal. Having considered the motion, the memorandum in support, the record, and the applicable

---

[1] Rec. Doc. 9.

[2] *Id.*

[3] *Id.*

1

law, the Court denies the motion.

## I. Background

On May 5, 2021, Plaintiff filed a "Petition for Breach of Contract and for Damages" against Defendant in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[4] On June 10, 2021, Defendant removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332.[5]

Plaintiff alleges that Defendant entered into a "Residential Garbage Collection Contract" (the "Prime Contract") with Jefferson Parish in November 2008 for the collection of solid waste from residential and small business units with the territorial limits of the Consolidated Garbage District No. 1 for Jefferson Parish.[6] Thereafter, Defendant entered into an agreement with Plaintiff in June 2009 (the "Subcontract Agreement").[7] Under the Subcontract Agreement, Plaintiff "would pick-up and haul waste and refuse from the designated Jefferson Parish Citizen Drop-off centers in Jefferson Parish and deliver such waste and refuse to the designated landfill as set forth in the Prime Contract."[8]

Plaintiff further alleges that "[p]er the negotiations between the parties, and based upon the terms reached with the Parish, the $165.00 base service fee amount (as increased by the adjustments in the Prime Contract) was to increase to $225.00 per load upon the start of the 10-

---

[4] Rec. Doc. 1-1.

[5] Rec. Doc. 1.

[6] Rec. Doc. 1-1 at 2.

[7] *Id.*

[8] *Id.*

2

year contract extension entered into with the Parish on January 20, 2014."[9] Plaintiff alleges that it should have received increases in pay for changes to the Consumer Price Index ("CPI") and/or fuel increases, equal to the CPI and/or fuel increases received by Defendant under the Prime Contract.[10] Plaintiff alleges that Defendant has received these increases since the inception of the Prime Contract but has failed to pass along such increases to Plaintiff.[11] Plaintiff further alleges that Defendant improperly terminated the exclusive subcontractor/service provider relationship with Plaintiff in September 2020 for the citizen drop-off center on David Drive, without following the notice provisions set forth in the Subcontract Agreement.[12] Plaintiff brings claims against Defendant for: (1) breach of contract; (2) wrongful termination; and (3) unjust enrichment.[13]

On June 17, 2021, Defendant filed an Answer and Counterclaim against Plaintiff.[14] In the Answer, Defendant asserts that the Subcontract Agreement contains a "complete agreement" provision and a "modification and changes" provision.[15] Defendant asserts that "Plaintiff may not maintain any claim for recovery which contradicts, contravenes, restricts, or enlarges upon the contents of the Subcontract Agreement."[16] Defendant brings a counterclaim against Plaintiff for

---

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.* at 4.

[12] *Id.*

[13] *Id.* at 5–6.

[14] Rec. Doc. 4.

[15] *Id.* at 3.

[16] *Id.*

recovery of attorneys' fees arising out of these proceedings.[17]

## II. Defendant's Arguments

On July 29, 2021, Defendant filed the instant "Motion for Disclosure and/or to Recuse."[18] Defendant moves the Court to disclose any knowledge it may have regarding Plaintiff and/or its Principal Glenn H. Woods.[19] In the event that the Court has personal knowledge of facts that could be disputed in this case, Defendant asks the Court to recuse itself.[20]

Defendant points to the judge's prior roles as the Director of Sanitation and City Attorney for the City of New Orleans.[21] Ten years ago in her prior capacity as City Attorney, the judge was involved in the negotiation of agreements between Plaintiff (who was represented by counsel) and the City of New Orleans regarding waste collection and hauling.[22] Defendant notes that two of the agreements Plaintiff entered into with the City of New Orleans contain provisions prohibiting the modification of those agreements except by written amendment.[23] According to Defendant's motion:

> A major issue in this lawsuit, pursuant to Plaintiff's own Petition, will be whether the parties agreed that the base service fee amount payable to Plaintiff under the Subcontract Agreement would be increased from $165.00 per load, to $225.00 per load (despite the fact that the alleged agreement was never reduced to writing and the Subcontract Agreement required that formality for any modification to be

---

[17] *Id.* at 12–13.

[18] Rec. Doc. 9.

[19] *Id.* at 1.

[20] *Id.*

[21] Rec. Doc. 9-1 at 3.

[22] *Id.*

[23] *Id.* at 6–7.

4

> binding). That alleged agreement is contrary to the terms of the written Subcontract Agreement and was never reduced to writing or signed by the parties. This Court apparently negotiated written agreements with the Plaintiff with similar modification prohibitions and there certainly exists a possibility that the Court **may have** acquired knowledge of facts that **could be** disputed in these proceedings.[24]

Defendant asserts that "Plaintiff's habits and practices in re-negotiating written agreements 'on the fly' after it has entered into formal and written agreements, therefore, will very much be a fact in dispute in the instant lawsuit."[25] Defendant suggests that the Court *could* have some prior knowledge of such practices by Plaintiff.[26]

Defendant acknowledges that it does not currently have any "grounds to question this Court's ability to decide the instant matter impartially."[27] Defendant requests that the Court disclose "any information it may have bearing on disputed evidentiary facts in this proceeding and to recuse itself in the event the Court has personal knowledge of facts that are disputed in the instant proceeding."[28] The Court has none.

### III. Legal Standard

Pursuant to 28 U.S.C. § 455(a), a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Under Section 455(b)(1), a judge must also disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Pursuant to Section

---

[24] *Id.* at 9–10.

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.* at 7.

[28] *Id.*

5

455(b)(3), a judge must recuse herself if "[she] has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

Sections 455(a) and 455(b)(1) "afford separate, though overlapping, grounds for recusal."[29] "Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally."[30] Thus, "whenever a judge's partiality might reasonably be questioned, recusal is required under [Section] 455(a), irrespective [of] whether the circumstance is covered by [Section] 455(b)."[31]

The United States Supreme Court and United States Court of Appeals for the Fifth Circuit have articulated several guidelines for interpreting the statute. One maxim is that the standard for bias is viewed objectively with reference to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person"[32] "Another maxim is that review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents."[33]

---

[29] *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

[30] *Id.*

[31] *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988)).

[32] *Id.* at 455 (citing *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

[33] *Id.* (citing *Sao Paulo State of Federative Rep. of Brazil v. Am. Tobacco Co.*, 535 U.S. 229, 232–33 (2002); *United States v. Avilez–Reyes*, 160 F.3d 258, 259 (5th Cir. 1998)).

A final maxim is that "the origin of a judge's alleged bias is of critical importance."[34] The Supreme Court applies the "extrajudicial source rule" to the interpretation of Section 455.[35] Under this rule, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[36] "[F]acts learned by a judge in . . . her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification."[37] "Non-extrajudicial facts 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"[38] Thus, "[m]ere prior knowledge of some facts concerning a litigant . . . is not in itself necessarily sufficient to require disqualification."[39]

The Fifth Circuit has recognized that each case of recusal "is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence."[40] A motion to recuse "is committed to the sound discretion of the district judge."[41]

---

[34] *Id.*

[35] *Liteky v. United States*, 510 U.S. 540, 555 (1994). *See also United States v. Lechuga*, 820 F. App'x 261, 263 (5th Cir. 2020) ("Generally, to warrant recusal under § 455(b)(1), the judge's 'bias or prejudice' or 'personal knowledge of disputed evidentiary facts' must stem from an extrajudicial source. Recusal under § 455(a) likewise is generally limited to circumstances that arise from an extrajudicial source.").

[36] *Liteky*, 510 U.S. at 555.

[37] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 81 (5th Cir. 2011) (quoting *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998)).

[38] *Tejero v. Portfolio Recovery Assocs.*, 955 F.3d 453, 463 (5th Cir. 2020) (quoting *Liteky*, 510 U.S. at 555).

[39] *United States v. Randall*, 440 F. App'x 283, 286 (5th Cir. 2011) (quoting *United States v. Seiffert*, 501 F.2d 974, 978 (5th Cir. 1974)).

[40] *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).

[41] *Chitimacha Tribe of Louisiana v. Harry L. L. Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982). "The challenged judge is most familiar with the alleged bias or conflict of interest. [She] is in the best position to protect the nonmoving

## IV. Analysis

Defendant moves the Court to disclose any knowledge it may have regarding Plaintiff and/or its Principal Glenn H. Woods.[42] In the event that the Court has personal knowledge of facts that could be disputed in this case, Defendant asks the Court to recuse itself.[43]

Defendant points to the judge's prior roles as the Director of Sanitation (which ended over 25 years ago) and City Attorney for the City of New Orleans (which ended 10 years ago).[44] Ten years ago in her prior capacity as City Attorney, the judge was involved in the negotiation of agreements between Plaintiff (who was represented by counsel) and the City of New Orleans regarding waste collection and hauling.[45] Those agreements are not at issue in the instant litigation. This case concerns a completely distinct Subcontract Agreement Plaintiff entered with Defendant regarding waste collection and hauling in Jefferson Parish.

Contract terms and language are interpreted by established principles of legal interpretation and law, not facts. Even where the terms of a contract are ambiguous and parol evidence is considered, Defendant has pointed to no set of facts, and none exist, that would give the Court any extrajudicial knowledge of the facts at issue in this case.

---

parties from dilatory tactics. Referring the motion to another judge raises problems of administrative inconvenience and delay. Although the matter is ultimately within the discretion of the challenged judge, recusal motions should only be transferred in unusual circumstances." *Id*. at 1162 (internal citations omitted). This case does not present any unusual circumstances that would require this Court to transfer the motion to recuse to another judge for determination. As discussed in detail in Section IV of this Order and Reasons, Defendant presents no evidence of extrajudicial knowledge and no evidence that the Court cannot serve as an impartial decision-maker in this case.

[42] Rec. Doc. 9 at 1.

[43] *Id.*

[44] Rec. Doc. 9-1 at 3.

[45] Rec. Docs. 9-2, 9-3, 9-4.

8

Defendant points out that the Court previously recused itself in three different cases involving garbage collection and hauling in Jefferson Parish. These recusals occurred nearly ten years ago shortly after the judge's appointment to the federal bench. The Judicial Conference Committee on Codes of Conduct recommends that a judge consider a recusal period of two years for cases where the judge's former law firm or employer appears.[46] The underlying facts or circumstances the Court knew ten years ago when it recused itself in cases unrelated to this one—involving different parties, different facts, and different time frames—are completely irrelevant to this case. The Court recused itself for the recommended two-year period when counsel appeared whom she had previously appointed as outside counsel to work with her in handling matters for the City. The judge recused herself in another matter because she had been personally involved in the prior closure of a landfill in dispute in the case and had publicly commented on its suitability to be re-opened, which was an issue in the case. No other facts in those cases were relevant to the Court's decision to recuse.

Defendant fails to recognize that the Court has presided over many matters involving the City of New Orleans after the suggested two-year period of recusal.[47] The Court has also presided over matters involving Waste Management, a contractor with the City of New Orleans when the judge was Sanitation Director.[48]

---

[46] Judicial Conference Committee on Codes of Conduct, Advisory Opinion No. 24 (revised June 2009).

[47] *See, e.g.*, *Gibson v. City of New Orleans, et al.*, Case No. 15-3815; *Mark v. City of New Orleans, et al.*, Case No. 15-7103; *Namisnak v. Board of Commissioners of the New Orleans Regional Transit Authority et al.*, Case No. 16-13792; *Rodgers, et al. v. Gusman, et al.*, Case No. 16-cv-16303; *Brunson v. City of New Orleans City et al.*, Case No. 17-9853; *Manning, et al. v. Harrison, et al.*, Case No. 18-718; *Goerner v. City of New Orleans*, Case No. 19-11772; *Wheelehan v. City of New Orleans*, Case No. 19-11720; *Thornton v. Lymous, et al.*, Case No. 19-12287; *Okun et al. v. City of New Orleans et al.*, Case No. 21-1345, *Henry, et al. v. City of New Orleans*, Case No. 21-107.

[48] *See, e.g.*, *Jefferson Parish Consolidated Garbage District No. 1 et al. v. Waste Management of Louisiana,*

The fact that a judge practiced law in a particular area before taking the bench or is familiar with an area of law is not a basis for recusal.[49] Unless the judge was involved in a particular case or has extrajudicial knowledge of the facts, there is no reason for recusal.[50] Here, Defendant makes the absurd argument that because the judge, as City Attorney for the City of New Orleans (who is not a party in this case), oversaw, enforced and renegotiated the terms of a completely different contract Plaintiff entered with the City of New Orleans, this Court may have acquired knowledge that could be disputed in this case.

Defendant cites *United States v. State of Alabama*. There, the United States brought an action seeking to end segregation of Alabama institutions of higher learning.[51] Auburn University moved to recuse the presiding district judge.[52] The motion to recuse was denied by the district court,[53] and the Eleventh Circuit reviewed the denial on appeal. The Eleventh Circuit found that

---

*L.L.C. et al.*, Case No. 09-6270; *Waste Management of Louisiana, L.L.C. v. Jefferson Parish*, Case No. 13-6764; *Resolve Systems, Inc. v. Waste Management of Louisiana, LLC*, Case No. 19-10494.

[49] *See Stringer v. Astrue*, 465 F. App'x 361, 366 (5th Cir. 2012) ("Stringer claims that the magistrate judge should have recused herself from the instant case because she is a former United States Attorney and such attorneys are currently representing the Commissioner. Relatedly, he also refers to and critiques her past employment as a district attorney. While a judge should recuse herself if '[s]he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy,' that is not the case here. There is no evidence that the magistrate judge has done any of the above. Therefore, Stringer's claim that the magistrate judge should have recused herself from his case lacks merit.").

[50] Imagine the absurdity of having judges who litigated personal injury claims recuse from every automobile accident case because of similar language in insurance policies they litigated and insurance policies being disputed before them as a judge.

[51] *United States v. State of Ala.*, 828 F.2d 1532 (11th Cir. 1987).

[52] *Id.* at 1538.

[53] *Id.* The motion to recuse was referred to another judge for determination. *Id.* at 1539. Initially, a judge granted the motion to recuse, but he later vacated his opinion and recused himself. *Id.* Another judge then considered the motion to recuse and denied it. *Id.*

10

recusal was *not* required based on the judge's background representing plaintiffs in civil rights actions or his views expressed as a political figure and member of the state senate.[54] However, the Eleventh Circuit found that recusal was mandated by the fact that, as a state senator and private lawyer, he actively participated in the very events and shaped the very facts that were at issue in the suit.[55]

Specifically, as chairman of the Senate Rules Committee, the district judge "played a critical role in the confirmation of those individuals nominated for positions on the board of trustees of the defendant institutions."[56] Then, while presiding over the case, the district judge considered the racial composition of the board of trustees for each institution of public higher education in Alabama.[57] While serving as a state senator, the district judge also helped spearhead a bill to appropriate $10,000,000 to Alabama A & M.[58] At trial, Alabama A & M cited the defeat of this bill as evidence of racial animus.[59] Thus, the Eleventh Circuit reasoned that the district judge "was again forced to make factual findings about events in which he was an active participant."[60] Accordingly, the Eleventh Circuit held that 28 U.S.C. § 455 mandated recusal because the district judge "had extrajudicial, personal knowledge of disputed facts" that were at

---

[54] *Id.* at 1543–44.

[55] *Id.* at 1544–46.

[56] *Id.* at 1544.

[57] *Id.*

[58] *Id.* at 1545.

[59] *Id.*

[60] *Id.*

11

issue in the case."[61]

This case is easily distinguishable from *United States v. State of Alabama*. There, the district judge had extrajudicial knowledge of specific facts that were at issue in the case. Here, the Court has no extrajudicial knowledge of any facts that may be at issue in this case. This is a simple contract dispute. The Court has no extrajudicial knowledge of the contract negotiations that occurred between Plaintiff and Defendant. The Court has no information about Plaintiff's alleged habit or practice of renegotiating contracts "on the fly" because the Court's limited encounter with Plaintiff's Principal Glenn Woods was when the City initiated across the board renegotiate or cancel alternatives with all of its contractors in the face of serious financial difficulties. Furthermore, Defendant points to no evidence that the Court cannot serve as an impartial decision-maker in this case. In her prior governmental employment, the judge did not participate as counsel, adviser, or material witness concerning these proceedings or express an opinion concerning the merits of this particular case in controversy.

Finally, Defendant moves the Court to disclose any knowledge it may have regarding Plaintiff and/or its Principal Glenn H. Woods.[62] The judge knew of Mr. Woods in a professional capacity when she was City Attorney and renegotiated a contract through his attorney. She knew of him and that his company existed when she was Sanitation Director over 25 years ago. "Mere prior knowledge of some facts concerning a litigant . . . is not in itself necessarily sufficient to require disqualification."[63]

---

[61] *Id.* at 1546.

[62] Rec. Doc. 9 at 1.

[63] *Randall*, 440 F. App'x at 286.

According to Defendant, Plaintiff has a habit and practice of "re-negotiating written agreements 'on the fly' after it has entered into formal and written agreements."[64] Defendant suggests that the Court *could* have some prior knowledge of such practices by Plaintiff.[65] The Court has no extrajudicial knowledge of such alleged practices. As discussed above, the City approached all of its contractors to renegotiate their contracts when Mayor Mitch Landrieu took office due to serious financial difficulties. Again, the Court does not have extrajudicial knowledge of facts that could be disputed in this case. Based on the evidence and arguments presented in this case, the Court does not find recusal warranted.

## V. Conclusion

In conclusion, the Court does not have any extrajudicial knowledge of facts that could be disputed in this case. Moreover, Defendant presents no evidence to suggest that the Court cannot serve as an impartial decision-maker in this case. Finally, in her prior governmental employment, the judge did not participate as counsel, adviser, or material witness concerning these proceedings or express an opinion concerning the merits of this particular case in controversy. Therefore, Defendant has not shown that recusal is warranted. Accordingly,

---

[64] Rec. Doc. 9-1 at 3.

[65] *Id.*

**IT IS HEREBY ORDERED** that Defendant's "Motion for Disclosure and/or Recusal"[66] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __6th__ day of August, 2021.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**

---

[66] Rec. Doc. 9.