## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**METRO SERVICE GROUP, INC.**                          **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 21-1136**

**WASTE CONNECTIONS BAYOU, INC.**                      **SECTION: "G"(3)**

## ORDER AND REASONS

Before the Court is Plaintiff Metro Service Group's ("Plaintiff") "Motion for Attorney's Fees and Costs."[1] In the motion, Plaintiff requests that the Court award its attorneys' fees, costs, and expenses pursuant to the remedy provisions in the contract with Defendant Waste Connections Bayou, Inc. ("Defendant").[2] Defendant filed an opposition to the "Motion for Attorney's Fees."[3] Plaintiff replies in further support of the motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion in part, denies it in part, and awards Plaintiff $175,550.98 in attorneys' fees and costs.

## I. Background

On May 5, 2021, Plaintiff sued Defendant in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[5] On June 10, 2021, Defendant removed the case to this Court on

---

[1] Rec. Doc. 96.

[2] Plaintiff moves for attorney's fees "pursuant to their contingency fee contract" with Counsel. *Id.* at 1.

[3] Rec. Doc. 103.

[4] Rec. Doc. 118.

[5] Rec. Doc. 1-1.

1

the grounds of diversity jurisdiction.[6] Plaintiff contended that Defendant entered into a "Residential Garbage Collection Contract" (the "2009 Prime Contract") on November 5, 2008 with Jefferson Parish for the collection of waste.[7] Plaintiff averred that Defendant then entered into a subcontract agreement with Plaintiff on June 17, 2009 (the "2009 Subcontract"), under which Plaintiff would pick up and haul waste from designated "Citizen Drop-off Centers" and deliver them to the landfill designated under the 2009 Prime Contract.[8] Plaintiff further alleged that after Defendant began a new prime contract with Jefferson Parish in 2014 (the "2014 Prime Contract"), that the parties reached an oral agreement adopting all the same terms of the prior written 2009 Subcontract.[9]

On September 28, 2021, Defendant filed a partial motion to dismiss Plaintiff's "claims for compensation allegedly due . . . for services rendered prior to May 5, 2018," contending that the claims had prescribed prior to Plaintiff's filing of this litigation.[10] This Court granted Defendant's partial motion to dismiss on November 19, 2021, finding that Plaintiff's claims for acts prior to May 5, 2018 had prescribed.[11]

On March 25, 2022, Plaintiff filed a motion to compel discovery, requesting "an order

---

[6] Rec. Doc. 1.

[7] Rec. Doc. 1-2 at 2.

[8] *Id.*

[9] *Id.*

[10] Rec. Doc. 17.

[11] *See* Rec. Doc. 27.

compelling [Defendant] to comply with 'basic discovery principles.'"[12] The Court granted the motion to compel only with respect to one document, ordering Defendant to provide an unredacted copy of communications relevant to Plaintiff's claim.[13] On April 5, 2022, Defendant moved for summary judgment, contending that no genuine issue of material fact existed concerning Plaintiff's claim to damages incurred after May 5, 2018.[14] On May 17, 2022, this Court denied Defendant's Motion for Summary Judgment.[15]

After a three-day trial, a unanimous jury found in favor of Plaintiff in the amount of $1,677,944.00.[16] On June 15, 2022, the Court entered a judgment in favor of Plaintiff for $1,396,664.93 after the parties stipulated to reduce the damage award due to mathematical error related to the admitted expert charts including estimations of Plaintiff's damages through 2024.[17] On November 7, 2022, the Court denied Defendant's "Rule 50(b) Motion for Judgment as a Matter of Law or, in the Alternative, Rule 59(a) Motion for New Trial."[18]

On June 21, 2022, Plaintiff filed the instant "Motion for Attorney's Fees."[19] On July 5, 2022, Defendant filed an opposition.[20] On July 12, 2022, Plaintiff replied in further support of the

---

[12] Rec. Doc. 32-1 at 3-5.

[13] Rec. Doc. 61 at 11–12.

[14] Rec. Doc. 34.

[15] Rec. Doc. 51.

[16] Rec. Doc. 92.

[17] Rec. Doc. 94.

[18] Rec. Doc. 135.

[19] Rec. Doc. 96.

[20] Rec. Doc. 103.

motion.[21]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion for Attorneys' Fees*

In support of the instant motion, Plaintiff asserts that the Court should fix the amount of attorneys' fees and expenses at $558,665.97.[22] In support of this total, Plaintiff submits: (1) a client engagement letter from the law firm Davillier Law Group;[23] (2) an affidavit of Charles F. Zimmer II ("Zimmer"), a partner at the law firm Davillier Law Group;[24] and (3) a "Client Time/Expense Report" listing the total compensable hours and costs incurred in this matter from February 2, 2021, through June 17, 2022.[25]

Plaintiff makes two arguments in support of the motion for attorneys' fees. First, Plaintiff argues that it "is the prevailing party in this instant suit and therefore entitled to recover reasonable [attorneys'] fees and costs from the non-prevailing party pursuant to the contract between the parties."[26] Plaintiff avers that "[i]t is well settled within the State of Louisiana that a party may recover the cost of attorneys' fees when authorized by statute or by contract."[27] Plaintiff asserts

---

[21] Rec. Doc. 118.

[22] Rec. Doc. 96-1 at 4.

[23] Rec. Doc. 96-2.

[24] Rec. Doc. 96-3 at 1–3.

[25] *Id.* at 4–5.

[26] Rec. Doc. 96-1 at 1 (citing *Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 201 (La. 2008) ("Louisiana courts have long held that attorneys' fees are not allowed except where authorized by statute or contract.")).

[27] *Id.*

that it retained counsel on February 2, 2021 on a contingency fee agreement.[28] Plaintiff avers that the agreement provides counsel "an undivided forty (40%) percent of the total recovery if this matter proceeded to trial on the merits."[29] Therefore, Plaintiff argues that it is entitled to an award of attorneys' fees in the amount of $558,665.97, a sum totaling 40% of the final judgment award of $1,396,664.93.[30]

Second, Plaintiff contends that it is entitled to recover its costs from Defendant. Plaintiff asserts that it "is entitled to costs beyond those specifically enumerated in 28 U.S.C. Sec. 1920" because the jury found that the parties' 2009 Subcontract was enforceable.[31] Plaintiff avers that "[a] court may award only those costs specified in section 1920, unless there is explicit[] . . . contractual authority to the contrary."[32] Plaintiff asserts that reasonable costs and expert witness fees are recoverable under the 2009 Subcontract.[33] Therefore, Plaintiff argues that its fee application requests reasonable fees, expert costs, deposition costs, and other related costs and expenses pursuant to the provision in the 2009 Subcontract.[34]

---

[28] *Id.*

[29] *Id.* at 2.

[30] *Id.* at 4.

[31] *Id.*

[32] *Id.* at 5.

[33] *Id.*

[34] *Id.*

**B.**    *Defendant's Arguments in Opposition to the Motion for Attorneys' Fees*

Defendant makes three arguments in opposition to the instant motion.[35] First, Defendant argues that Plaintiff has no valid contractual claim for attorneys' fees because the parties terminated the 2009 Subcontract in 2013.[36] Defendant maintains that the written contract was supplanted by a "purported oral contract formed after expiration of the [2009 Subcontract]."[37] Defendant asserts that "beyond the provision in the parties' terminated [written] contract, Plaintiff provides no other basis . . . that would allow it to recover its fees and costs from Defendant."[38] Defendant points out that the jury "did not find (and was not asked to) that the oral contract included an agreement to fee shifting."[39] Therefore, Defendant argues that Plaintiff is not entitled to an award of attorneys' fees because it has not satisfied the burden to prove that Defendant agreed to pay reasonable attorneys' fees in the contract.[40]

Second, Defendant argues that, if the Court finds that the attorneys' fees provision survived the termination of the 2009 Subcontract, Plaintiff is not entitled to full recovery of its attorneys' fees because it "achieved only partial or limited success."[41] Defendant cites Supreme Court precedent defining the "'most critical factor' in determining whether the fees sought to be

---

[35] *See generally* Rec. Doc. 103.

[36] *Id.* at 4.

[37] *Id.* at 4–5.

[38] *Id.*

[39] *Id.* at 5.

[40] *Id.*

[41] *Id.* at 5–6.

6

recovered are reasonable 'is the degree of success obtained.'"[42] Defendant argues that Plaintiff's request for fees and costs is "[un]reasonable in relation to the result obtained" because "Defendant prevailed on substantially more of its defenses than did Plaintiff on claims it initially sought."[43] Defendant contends that Plaintiff originally sought recovery for "eleven and a half years of CPI adjustments and damages" but only recovered damages for three and a half years of that period.[44]

Defendant further contends that "[a]warding attorney's fees based on a contingency agreement is not appropriate" where the "Plaintiff only achieved limited success by recovering just 26% of its originally asserted claim, and [] was unsuccessful in opposing the motion to dismiss and on its motion to compel."[45] Therefore, Defendant argues that a reduction of Plaintiff's claim for attorneys' fees "to the same percentage of the award reflected in the Judgment as compared to the initial relief sought (i.e. a reduction of 74%) would be reasonable given Plaintiff's limited success."[46]

Third, Defendant asserts that "Plaintiff's attorneys' fee request is not reasonable based on the Lodestar method."[47] Defendant contends that the attorneys' fee provision in the 2009 Subcontract "limits the prevailing party's recovery . . . to 'reasonable attorneys' fees . . . to be

---

[42] *Id.* at 6.

[43] *Id.*

[44] *Id.* at 6–7.

[45] *Id.* at 8.

[46] *Id.*

[47] *Id.*

fixed by the court.'"[48] Defendant argues that if this Court awards fees to Plaintiff pursuant to the 2009 Subcontract, the Court "is not bound by the Plaintiff's contingency fee contract."[49] Defendant points out that in order to justify Plaintiff's requested recovery of $558,665.97 on an hourly rate agreement, Plaintiff's counsel would have to charge rates of $850 per hour for partner work, and $530 dollars per hour for associate work.[50] Defendant asserts that "[t]hese hourly rates are more than twice the rates that Plaintiff's counsel would charge in the absence of the contingency fee arrangement."[51] Thus, Defendant contends that the amount Plaintiff seeks is unreasonable under the lodestar method analysis and the *Johnson* factors.[52]

Lastly, Defendant argues that Plaintiff's motion is premature.[53] Defendant points out that Plaintiff's judgment "is still subject to post-trial motion practice and appellate relief."[54] Defendant avers that "[c]ourts in the Eastern District of Louisiana 'frequently defer ruling on a motion for attorneys' fees until the matter is fully resolved.'"[55] Defendant argues that this Court should "deny the instant Motion without prejudice to be re-argued after this Court rules on Defendant's post-trial motions and an appeal [is] final."[56]

---

[48] *Id.* at 9.

[49] *Id.*

[50] *Id.* at 9–10.

[51] *Id.* at 10.

[52] *Id.* at 11.

[53] *Id.* at 12.

[54] *Id.*

[55] *Id.*

[56] *Id.* at 13.

**C.**      ***Plaintiff's Arguments in Further Support of the Motion for Attorneys' Fees.***

In its reply, Plaintiff raises three arguments in further support of the instant motion. First, Plaintiff asserts that Defendant's opposition relies on arguments which were rejected in its motion for summary judgment and at trial.[57] Plaintiff avers that the provision for attorneys' fees and costs is an additional term incorporated into the oral agreement to apply the same terms and conditions of the 2009 Subcontract.[58]

Second, Plaintiff re-asserts that its contingency fee agreement provides for a reasonable award of attorneys' fees.[59] Plaintiff points out that Defendant's support for its argument that the Supreme Court disfavors contingency fee agreements is based on case law awarding attorneys' fees pursuant to 42 U.S.C. § 1988, and not via contractual right.[60] Plaintiff further argues that Defendant's arguments to reduce Plaintiff's fees award must fail because the requested award is based on the amount awarded by the jury on meritorious claims.[61] Therefore, Plaintiff asserts that the request for attorneys' fees should not be reduced because it incurred costs of all claims by engaging in a contingency fee agreement and was successful on all claims put before the jury.[62]

Lastly, Plaintiff asserts that its motion is not premature because it "filed its motion for

---

[57] Rec. Doc. 113 at 1.

[58] *Id.*

[59] *Id.* at 3.

[60] *Id.* at 4–5.

[61] *Id.* at 5–6.

[62] *Id.* at 6–8.

9

attorney fees pursuant to the statutory time delays allowed under FRCP 54(d)(2)(B)(i)."[63]

### III. Law and Analysis

In the instant motion, Plaintiff requests a total award of $589,981.03.[64] The requested award consists of $558,665.97 in attorneys' fees and an additional $31,315.06 in expenses.[65] Plaintiff bases the request on the contingency fee agreement it executed with its counsel and the attorneys' fees provision of the original 2009 Subcontract between Plaintiff and Defendant.[66] Defendant argues that "beyond the provision in the parties' terminated [written] contract, Plaintiff provides no other basis . . . that would allow it to recover its fees and costs from Defendant."[67]

Plaintiff's theory of the case before the jury was that the parties made an oral agreement to incorporate the terms of the 2009 Subcontract into a new subcontract related to Defendant's 2014 Prime Contract with Jefferson Parish. As explained in the Court's Order and Reasons denying Defendant's "Rule 50(b) Motion for Judgment as a Matter of Law or, in the Alternative, Rule 59(a) Motion for New Trial," Plaintiff presented evidence corroborating Plaintiff's representatives' testimony that the parties had an oral agreement to apply the terms of the 2009 Subcontract to a new subcontract under Defendant's 2014 Prime Contract with Jefferson Parish.[68] The 2009 Subcontract provided that the terms of the subcontract would last until the expiration or

---

[63] *Id.* at 8.

[64] *See* Rec. Doc. 96-1 at 5–6.

[65] *Id.*

[66] *Id.* at 1–2, 5–6.

[67] Rec. Doc. 103 at 4–5.

[68] Rec. Doc. 135.

termination of the contract between Defendant and Jefferson Parish unless otherwise terminated.[69] The Court found that the facts and inferences did not point so strongly and overwhelmingly in Defendant's favor such that reasonable jurors could not have found that the parties agreed to a new subcontract for the life of the 2014 Prime Contract.[70]

Under Louisiana law, the well-settled rule is that attorneys' fees may only be awarded "where authorized by statute or contract."[71] The 2009 Subcontract includes an attorneys' fee provision, which states:

> Attorneys' Fees. In the event any party brings or commences a legal proceeding to enforce any of the terms of this Agreement, the prevailing party in such action shall have the right to recover reasonable attorneys' fees and costs from the non-prevailing party, to be fixed by the court in the same action.[72]

At trial, Plaintiff prevailed on its claim and a unanimous jury awarded damages to Plaintiff. This Court finds that Plaintiff is a partially prevailing party and therefore entitled to receive an award of attorneys' fees under Louisiana law and the terms of the 2009 Subcontract.

It is the language of the 2009 Subcontract and subsequent oral agreement, not the contingency fee agreement executed by Plaintiff and its counsel, that entitles Plaintiff to receive an award of reasonable attorneys' fees and costs. In diversity actions, state law controls the reasonableness of fees awarded where state law supplies the rule of decision.[73] In this case,

---

[69] Plaintiff's Ex. 1.

[70] Rec. Doc. 135.

[71] *Ogea v. Loffland Bros. Co.*, 622 F.2d 186, 190 (5th Cir. 1980) (internal citations omitted).

[72] Plaintiff's Exhibit 1.

[73] *Alyeska Pipeline Servs. Co. v. Wilderness Soc.*, 421 U.S. 240, 259 n.31 (1975); *Walker Int'l Holdings, Ltd. v. Repub. of Congo*, 415 F.3d 413, 415 (5th Cir. 2005) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002))

Plaintiff brought breach of contract claims under Louisiana law. Therefore, Louisiana law controls the reasonableness of the fee award.[74]

"Courts may inquire as to the reasonableness of attorney's fees as part of their prevailing, inherent authority to regulate the practice of law."[75] A reasonable hourly rate is to be determined "according to the prevailing market rates in the relevant community" for attorneys of similar experience in similar cases.[76]

In *State Department of Transportation and Development v. Williamson*, the Louisiana Supreme Court set forth ten factors to be considered in determining the reasonableness of a fee award: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the Court's own knowledge.[77]

With respect to contingency fee agreements, the Louisiana Supreme Court "has held that while a court may consider an attorney-client contract among other factors, it is not bound by such an agreement in determining reasonable attorney fees."[78] Therefore, the Court must consider the

---

[74] *See Walker Int'l*, 415 F.3d at 415.

[75] *State Dept. of Transp. and Dev. v. Williams*, 597 So. 2d 439, 441–42 (La. 1992) (internal citations omitted).

[76] *Covington v. McNeese State Univ.*, 2012-2182 (La. 5/7/13); 118 So. 3d 343, 350 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[77] *Williams*, 597 So. 2d at 442.

[78] *Rivet v. State Dep't of Transp. & Dev.*, 96-0145 (La. 9/5/96), 680 So. 2d 1154, 1162 (citing *Moody v. Arabie*, 498 So.2d 1081 (La. 1986)).

reasonableness of the award, and it is not bound by Plaintiff's contingency fee agreement. While the Louisiana Supreme Court has employed the lodestar method in matters concerning federal law,[79] Louisiana courts generally consider the *Williamson* factors when determining the reasonableness of attorney fees claimed and hours worked in cases arising under state law.[80]

The *Williamson* factors are derived from Rule 1.5(a) of the Rules of Professional Conduct.[81] "In Louisiana, the Rules of Professional Conduct 'have the force and effect of substantive law"[82] and therefore "are to be considered by the Court in making a determination of attorney's fees."[83] Federal courts applying the *Williamson* factors and Rule 1.5(a) have consistently found that "[a]n accepted method with which to begin a calculation of a fee award under Louisiana law is to multiply the hours worked by an hourly rate the Court deems to be reasonable."[84] In *GMAC Commercial Mortgage Corporation v. Chateau Deville Apartments Partnership*, another judge in the Eastern District of Louisiana found that a calculation of a

---

[79] *See Covington*, 118 So. 3d at 350 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[80] *Grand Pointe Homeowners Ass'n, Inc. v. Heymann*, 2020-36 (La. App. 3 Cir. 11/12/20), 307 So. 3d 285, 288–89.

[81] *Williamson*, 597 So. 2d at 442.

[82] *Gulf Wide Towing, Inc. v. F.E. Wright Ltd.*, 554 So. 2d 1347, 1354–55 (La. App. 1 Cir. 1989) (citing *City of Baton Rouge v. Stauffer Chem. Co.*, 500 So. 2d 397 (La. 1987)).

[83] *Williamson*, 597 So. 2d at 441–42.

[84] *GMAC Commer. Mortg. Corp. v. Chateau Deville Apts. P'ship*, No. 02-1845, 2003 U.S. Dist. LEXIS 12402, at *4–5 (E.D. La. July 15, 2003) (Vance, J.); *see also Tango Transp., L.L.C. v. Transp. Int'l Pool, Inc.*, No. 08-0559, 2011 U.S. Dist. LEXIS 37225, at *12–21 (W.D. La. Mar. 15, 2011) (conducting same analysis). "When the nature and extent of the services of an attorney are shown by the record, it is the duty of the court to bring to bear its knowledge on the value of the services of counsel and to fix the value even in the absence of expert testimony." *Sewell v. Sewerage & Water Bd. of New Orleans*, 2018-0996 (La. App. 4 Cir. 5/29/19), *writ denied*, 2019-01166 (La. 10/15/19), 280 So. 3d 612. Furthermore, the Fifth Circuit found that a district court did not err in applying the lodestar method to determine attorney's fees where Louisiana law applied. *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 505 (5th Cir. 2012).

reasonable fee from hours worked and reasonable hourly rate implicates the factors listed in Rule 1.5(a) and the *Williamson* factors.[85] The *GMAC* court stated that "[a]mong the factors listed in Rule 1.5(a) is 'the fee customarily charged in the locality for similar legal services.'"[86]

In accord with prior federal district courts applying Louisiana law, this Court frames its analysis by determining a reasonable fee award from the hours and rates set forth in the Plaintiff's motion.[87]

## A.    *Considering the Hours Worked*

Under Louisiana law, "a court does not have to hear evidence concerning the time spent or hourly rates charged" and has "discretion in determining the amount of an attorney fee based upon its own knowledge, the evidence, and its observation of the case and the record."[88] Federal courts applying Louisiana law have considered prior jurisprudence under both federal and state law to determine a reasonable fee award while weighing the factors expressed in Rule 1.5(a) and *Williamson*.[89]

---

[85] *Id.* at *4–9.

[86] *Id.* at *4–5.

[87]   *see, e.g.*, *Verizon Bus. Global LLC v. Hagan*, No. 07-0415, 2010 U.S. Dist. LEXIS 127322, at *5 (E.D. La. Oct. 22, 2010) ("[T]he court should consider the entire record, including discovery, pretrial motions, the legal issues involved, and the length of trial. . . . Therefore, because an hourly rate more properly takes the relevant factors into account, an hourly rate is the proper way to award reasonable attorney's fees in this matter.") (citation omitted).

[88] *Stanley v. Crowell & Owens, LLC*, No. 15-395, p. 4 (La. App. 3d Cir. 10/7/2015), 175 So. 3d 1204, 1207.

[89] *See, e.g.*, *Uptown Grill, LLC v. Shwartz*, No.   , 2021 U.S. Dist. LEXIS 254542, at *25 (E.D. La. Dec. 8, 2021) (Van Meerveld, M.J.) (conducting a lodestar analysis to determine a reasonable fee award for claims under Louisiana law and subsequently considering the *Williamson* factors, the court stated that "[w]ith regards to results obtained . . . . The court has already addressed this concern in assessing the reasonable hours expended above, which resulted in a significant reduction of" the prevailing party's fees); *Hagan*, 2010 U.S. Dist. LEXIS 127322, at *5.

A court may reduce the claimed award where the party submits inadequate documentation of the hours reasonably expended or fails to exercise billing judgment.[90] The Fifth Circuit has held that parties "do not have a right to bill for inadequately documented time or for time on issues on which they do not prevail."[91] Furthermore, the Supreme Court stated in *Hensley v. Eckerhart*, that "[w]here documentation is inadequate, the district court may reduce the award accordingly."[92] The Fifth Circuit has elaborated that "if there is no evidence of billing judgment . . . then the proper remedy is not a denial of fees, but a reduction of the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[93]

In *Verizon Business Global LLC v. Hagan*, another court in the Eastern District of Louisiana reduced the prevailing party's fee award for requests that omitted descriptions in billing records, included duplicated entries, or where the party fails to exercise billing judgment.[94] The prevailing party in *Hagan* submitted documentation with numerous vague and duplicative entries in its fee request.[95] The Court applied federal and state case law to determine a reasonable fee award, and reduced hours for unexplained billing entries and time spent on unsuccessful issues.[96]

---

[90] *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997).

[91] *Walker v. HUD*, 99 F.3d 761, 769 (5th Cir. 1996) (citing *Tex. St. Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 784 (1989)); *Leroy*, 831 F.2d at 585–86 (vacating attorneys' fee award where district court "accepted *in toto* the number of hours evidenced by the records.").

[92] 461 U.S. at 433.

[93] *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002); *Hagan*, 2010 U.S. Dist. LEXIS 127322, at *6 (applying federal case law to reduce hours in attorneys' fee award based under state law).

[94] *Hagan*, 2010 U.S. Dist. LEXIS 127322, at *5.

[95] *Id.* at *13–16 (detailing counsel's failure to exercise billing judgment before filing its fee application).

[96] *Id.* at *23–24 nn. 8–11 (reducing hours billed based on failure to exercise billing judgment, duplicative work product, or unexplained billing entries).

Here, the Court cannot examine whether Plaintiff's counsel exercised billing judgment due to the lack of documentation included in the fee application. The Court cannot discern which hours were not attributable to the ultimate result achieved and cannot account for travel or tasks routinely excluded under the *Williamson* analysis.[97] Therefore, the Court deducts a percentage of the fee award to account for time billed which cannot be included in a reasonable award based on the Court's "own knowledge, the evidence, and its observation of the case and the record."[98]

Plaintiff's fee application indicates that partner Zimmer billed 405.67 hours and associate Jonathan Lewis ("Lewis") billed 399.2 hours.[99] While Plaintiff's counsel avers that "[t]he attorney time was contemporaneously recorded," Plaintiff failed to provide billing records, time entries, or other documentation beyond a statement of the total hours worked in this matter.[100] The failure to provide detailed documentation to demonstrate an exercise of billing judgment or account for issues Plaintiff did not prevail on warrants a reduction of the fee award.[101] Accordingly, the Court deducts 35% from the fee award to account for the vagueness and lack of documentation in the

---

[97] The Court notes that Plaintiff was unsuccessful in defending against Defendant's partial motion to dismiss which disposed of Plaintiff's claims for damages prior to May 2018, which factors into the first factor of "the ultimate result obtained." *See* Rec. Doc. 27 at 23. The Court considers this factor in rendering the deduction of hours from the reasonable fee award calculation.

[98] *Crowell & Owens, LLC*, 175 So. 3d at 1207–08. Furthermore, federal district courts determining a reasonable fee award have reduced fee awards for lack of documentation where the hours excluded from the award are not clearly discernable from the record. *See, e.g.*, *Jumonville v. City of Kenner*, No. 06-4022, 2009 U.S. Dist. LEXIS 112369, at *11–12 (E.D. La. Nov. 6, 2009).

[99] Rec. Doc. 96-3 at 4.

[100] *See* Rec. Doc. 96-3 at 4.

[101] *See Jumonville*, 2009 U.S. Dist. LEXIS 112369, at *12.

attorneys' fee request and the time spent on matters not attributable to the ultimate result obtained.[102]

## B.    *Reasonable Hourly Rates*

"Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command."[103] "Louisiana federal courts sitting in diversity have applied both federal and state cases to determine whether a requested rate reflects rates actually charged in the community."[104] It is the plaintiff's burden to "produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation."[105] However, where the parties do not contest the stated hourly rate, it is prima facie reasonable.[106] In *White v. Imperial Adjustment Corp.*, another court in the Eastern District of Louisiana accepted a

---

[102] *Id.* The Court notes that the Fifth Circuit has stated that "[l]itigants take their chances when submitting [] fee applications" with inadequate documentation. *La. Power*, 50 F.3d at 326–27. Federal courts have similarly reduced the fee award where the applicant submitted at least some billing logs, travel records, or other forms of documentation more substantial than in the instant case. *See id.* at 326 (reducing fee award by ten percent for inadequate documentation due to vagueness on submitted documents in fee application); *H.J. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (affirming a twenty percent reduction of fee award for inadequate documentation for fee application where court could not meaningfully review the billable entries); *Watkins*, 7 F.3d at 458 (issuing a ten percent reduction because travel logs submitted were vague and block billed).

[103] *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quotations and citation omitted).

[104] *Aker Mar. Inc.*, 689 F.3d at 505 (holding that applying the lodestar method to determine an attorney's fee award under Louisiana law is proper because the factors used in *Williamson* analysis are "very similar to those used in the federal 'lodestar'" method); *Cashman Equip Corp. v. Smith Mar. Towing Corp.*, No. 12-94, U.S. Dist. LEXIS 201700, at *4 (E.D. La. June 27, 2013) (holding same where Louisiana law could have applied to the claims); *Receivables Exch., LLC v. Adv. Tech. Servs.*, No. 14-0668, 2015 U.S. Dist. LEXIS 64562, at *9 (E.D. La. Apr. 28, 2015) (Roby, M.J.).

[105] *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cty., Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985).

[106] *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990).

party's requested hourly rate as their "customary billing rate," because the "rate [was] within the range of prevailing market rates and the rate [was] not contested."[107]

Here, Defendant does not challenge the hourly rates of Zimmer and Lewis.[108] Just as in *White*, Plaintiff's counsel submitted an affidavit indicating their firm "typically bills senior attorneys from $350-$400 per hour and associates from $200-$250 per hour."[109] Under these facts, this Court finds that a rate of $350 per hour for Zimmer and a rate of $200 per hour for Lewis are their customary rates and therefore appropriate.[110] A quick review of recent attorneys' fee awards in the Eastern District of Louisiana justifies this Court's findings that senior attorneys such as Zimmer have typically commanded hourly billing rates between $350 and $400 while associates with the same or similar experience as Lewis command hourly billing rates between $175 and $250.[111]

---

[107] No. 99-3804, 2005 U.S. Dist. LEXIS 13382, at *16 (E.D. La. June 28, 2005) (Englehart, J.).

[108] In their opposition, Defendant asserts that the hourly rates needed to justify the "requested attorney fee recovery of $558,665.97" is "more than twice the rates that Plaintiff's counsel would charge in the absence of the contingency fee arrangement and cannot under these circumstances be considered 'customary' as required under the lodestar method." Rec. Doc. 103 at 10. However, this Court has already addressed that the lodestar method and contingency fee agreements are not binding on the award of fees because the fees are governed by Louisiana law.

[109] Rec. Doc. 96-3 at 2.

[110] Zimmer is head of the litigation practice group at Davillier Law Group and has practiced commercial litigation for over 20 years. *See Charles F. Zimmer II*, https://www.davillierlawgroup.com/our-professionals/charles-f-zimmer-ii/ (last visited December 5, 2022). Lewis is an associate with approximately five to six years of experience. *See Jonathan D. Lewis*, https://www.davillierlawgroup.com/our-professionals/jonathan-d-lewis/ (last visited December 5, 2022).

[111] *See, e.g., Adams v. City of New Orleans*, No. 13- 6779, 2015 U.S. Dist. LEXIS 99682, at *3 (E.D. La. July 30, 2015) (awarding rate of $350 per hour reasonable for an attorney with 29 years of experience); *M.C. Bank & Tr. Co. v. Suard Barge Serv. Inc.*, No. 16-14311, 2017 U.S. Dist. LEXIS 203744, at *5–6 (E.D. La. Dec. 12, 2017) (finding $350 per hour was a reasonable hourly rate for an attorney with approximately seventeen years of experience); *Batiste v. Lewis*, No. 17-4435, 2019 U.S. Dist. LEXIS 63299, at *4–9 (E.D. La. Apr. 12, 2019) (determining that $375.00 per hour is a reasonable rate for a partner with 35 years of experience and $200 per hour is a reasonable rate for an associate with 5 years of experience).

Furthermore, the ultimate result obtained and amount of money involved were significant, however the Court notes that the issues involved in this case were not particularly complex.[112] Federal district courts in Louisiana have applied these *Williamson* factors to justify the hourly rate set in the fee award calculation.[113] Considering the experience of Plaintiff's counsel and the relevant *Williamson* and Rule 1.5(a) factors, the Court finds that $350 and $200 hourly billing rates are reasonable for Zimmer and Lewis respectively.

**C.    *Calculating the Final Award***

Finally, this Court determines the fee award by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.[114]   In sum, Plaintiff requests an award of $141,984.50 for work performed by Zimmer (405.67 hours at $350 per hour) and $79,840.00 for work performed by Lewis (399.2 hours at $200 per hour).[115] For the reasons discussed above, the Court reduces the award requested by 35% to account for the lack of specificity in the fee application and for Plaintiff's work dedicated to issues not attributable to the ultimate result obtained. Therefore, the Court awards Plaintiff a total attorneys' fee award of $144,185.92.[116]

---

[112]  Prior federal courts have held the same in cases that involve breach of contract claims, foreclosure sales, and/or security rights with final judgments exceeding $1 million. *See, e.g.*, *GMAC Commer. Mortg. Corp.*, 2003 U.S. Dist. LEXIS 12402, at *6. As stated above, this is a breach of contract claim, and the Court finds that the issues implicated were not particularly complex as to warrant alteration of the fee award.

[113] *See id.*

[114]  *Fourchon Docks, Inc.*, 849 F.2d at 1568; *see also Migis*, 135 F.3d at 1047 (citing *La. Power*, 50 F.3d at 324).

[115]  $141,984.50 + $79,840 = $221,824.50.

[116] $221,824.50 x .75 = $144,185.92.

**D.      Expenses**

In addition to attorneys' fees, Plaintiff requests an additional $31,315.06 in expenses.[117] Plaintiff provides an itemized "Cost/Expense Application" in support of this request.[118] Defendant does not contest any of the itemized expenses. The expenses requested are reasonable for a case that went to trial and involved a contractual relationship between two business entities spanning longer than a decade. Accordingly, the expenses Plaintiff requests are recoverable.

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees[119] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff is hereby awarded $175,550.98 in attorneys' fees and costs recoverable against Defendant.

**NEW ORLEANS, LOUISIANA**, this ___21st___ day of December, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[117] Rec. Doc. 96-1 at 4–5.

[118] Rec. Doc. 96-3 at 4–6.

[119] Rec. Doc. 96.